IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS - SHERMAN DIVISION

| | |
|---|---|
| **CHRISTOPHER YOON,** *Plaintiff,* | § § § |
| | § CIVIL ACTION NO. 4:24-cv-00179 |
| v. | § § |
| **SAMSUNG ELECTRONICS AMERICA, INC.** *Defendant.* | § § |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL RELIEF FROM ORDER GOVERNING PROCEEDINGS AND TO STAY DISCOVERY**

Plaintiff Christopher Yoon ("Yoon" or "Plaintiff") herein files his objection to Defendant Samsung's motion to stay proceedings until its motion to transfer is adjudicated, as argued in its Motion for Partial Relief from Order Governing Proceedings and to Stay Discovery (ECF Doc. 16) ("Motion").

**SUMMARY**: Defendant's Motion is conclusory and employs circular reasoning. Defendant has not shown good cause to grant the relief sought. If granted, the stay will not save time or expense. The parties have already completed the Rule 26(f) conference on June 21, 2024. Any discovery made in this case is relevant and can be used here or in the court to which the case is transferred. Defendant's conclusory motion assumes good cause, that any discovery will have to be duplicated in the event of transfer, lack of prejudice of the parties, and that there will be a waste of judicial resources. Plaintiff herein argues that there is no good cause to stay discovery, a stay will likely prejudice Plaintiff, and a stay will not promote unnecessary waste of judicial resources.

## ARGUMENT

1.      Defendant proffers three main arguments in favor of staying discovery: 1) a stay will spare the parties unnecessary time and expense; 2) a stay is unlikely to prejudice the parties; 3) a stay would promote conservation of scarce judicial resources. *See* Motion.

2.      The party seeking the stay bears the burden of showing good cause. *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2479-O, 2015 U.S. Dist. LEXIS 178956, 2015 WL 11019132, at *3 (N.D. Tex. Mar. 18, 2015) (Ramirez, M.J.). To do so, the movant must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *X Corp. v. Media Matters for Am.*, Civil Action No. 4:23-cv-01175-O, 2024 U.S. Dist. LEXIS 79110, at *3 (N.D. Tex. 2024). *Ashford Inc. v. United Here.,* No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (declining to stay based on a burden argument regarding "the usual inconveniences and costs that are associated with discovery practice").

3.      First, Defendant argues a stay will spare the parties time and expense in light of their Motion to Dismiss (ECF Doc. 10).[1] Defendant cites *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV- 1058-WCB, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015), which is differentiated from this case in that the stay request in *NFC Tech. LLC* was sought to allow *inter partes* review of the patents in that case. Meanwhile, a stay in the instant case will not simplify the claims but interfere with ongoing proceedings, such as upcoming mandatory disclosures and management conferences.

---

[1] "Defendants contend that the strength of their motion to dismiss is a sufficient reason for a stay. However, a stay of discovery pending the outcome of a motion to dismiss is the exception rather than the rule. Courts typically apply this factor by conducting a "cursory review" of the dispositive motion to assess whether the arguments are so "substantial" to justify a stay. *Von Drake*, 2004 U.S. Dist. LEXIS 25090, 2004 WL 1144142, at *2. This "standard is a demanding one" because a stay "is an 'intrusion into the ordinary processes of administration and judicial review.'" *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259, 2020 U.S. Dist. LEXIS 50354, 2020 WL 1433960, at *3 (E.D. Tex. Mar. 24, 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 427, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)). That is why a stay should not be granted simply because a party believes it will prevail on its dispositive motion." *Griffin*, 2015 U.S. Dist. LEXIS 178956, 2015 WL 11019132, at *2." *See X Corp. v. Media Matters for Am.*, Civil Action No. 4:23-cv-01175-O, 2024 U.S. Dist. LEXIS 79110, at *4 (N.D. Tex. 2024).

4.      Further, Defendant alleges that without a stay to stop the Court's procedures and in the event the Court transfers the case, the Parties will supposedly have to repeat the discovery they have done to the same exact extent in the new court. Defendant does not offer any support for the assertion, or explain how the alleged work will impose significant expenses on the parties. It cites no case law showing similar facts. Nor does the Motion consider that, by definition, any "duplicate" work will already be done, which will not impose significant expense on the parties. The work will have to be done regardless and can be "reused" without imposing significant expense on the parties.

5.      Second, Defendant argues that, because of the stage of the case, a stay is unlikely to prejudice the parties. Defendant cites *Dwyer v. USAA Sav. Bank*, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017) to suggest a stay is appropriate since the case is supposedly in its early stages. However, the Court noted in *Dwyer* that no scheduling order had been entered nor trial date set in that case, and the action complained of by the movant had ceased. In this case, the parties have a scheduling order and have been complying with it, most recently having their Rule 26(f) conference. Because Defendant has been more than willing to participate in the scheduling order it is unlikely to prejudice Defendants to deny the stay.[2] Certainly, Plaintiff would be prejudiced to seek timely and effective redress for the grievances at issue, as well as increased costs on prolonged litigation in the delay of proceedings.

6.      Third, Defendant assumes a stay would promote conservation of scarce judicial resources. Defendant does not take into account that the Court may be fully aware of the Motion to Dismiss and still chooses to use its judicial resources in implementing its docket management and discovery

---

[2] *Griffin*, 2015 U.S. Dist. LEXIS 178956, 2015 WL 11019132, at *3 (denying a request to stay discovery when the moving party "d[id] not present evidence regarding the breadth of any discovery that is being sought or the burden of responding to that discovery, or any abusive litigation tactics by the plaintiff").

procedures for this case.[3] Defendant cites *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) to suggest that discovery would be a waste of the Court's time. However, in *Wolf Designs, Inc.*, there was one case in California and one in Texas with identical claims and asserted parties. In this case, there is only one case and there will be no duplicative waste of judicial resources in proceeding with discovery, which can also be used later if this case is transferred.

## PRAYER

Because a stay in this case merely would act to delay activities which are going to occur irrespective of any motion to transfer, and the other arguments above, Plaintiff respectfully requests this Court deny the Motion.

Respectfully submitted,

Norred Law, PLLC
By: /s/ *Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094
warren@norredlaw.com
515 E. Border St., Arlington, Texas 76010
P. 817-704-3984
*Attorney for Plaintiff*

**Certificate of Service:** I certify that, on June 29, 2024, a copy of the foregoing was served to Defendant through its counsel via the Court's ECF notification system by email:

Jonathan G. Rector, Texas State Bar No. 24090347, jrector@littler.com
James A. McGehee, Texas State Bar No. 24132520, jmcgehee@littler.com
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
214.880.8100
214.880.0181 (Fax)

/s/*Warren V. Norred*
Warren V. Norred

---

[3] *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3:08-cv-00774-L, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss.")