# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER YOON, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:24-cv-179 |
| v. | § | Judge Mazzant |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Samsung Electronics America, Inc.'s Motion to Dismiss, or, In the Alternative, to Transfer Venue and Supporting Brief (Dkt. #10). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part**.

### BACKGROUND

Plaintiff Christopher Yoon ("Yoon") filed suit against Defendant Samsung Electronics America, Inc. ("Samsung"), alleging that Samsung illegally terminated his employment because of his religious beliefs (Dkt. #1 at p. 1). Samsung, a New York corporation headquartered in Ridgefield Park, New Jersey, hired Yoon in January 2020 for a position in its Plano, Texas office ("Plano office") (Dkt. #10 at pp. 2–3).[1] Yoon, a resident of Illinois, received a bonus to relocate the Lone Star state; however, the COVID-19 Pandemic disrupted this plan (Dkt. #10 at p. 3). Reacting to the public health emergency, in March 2020, Samsung implemented a policy requiring its employees who could work remotely to do so, which Yoon did in Illinois (Dkt. #10 at p. 3).

---

[1] Samsung is registered to do business in Illinois (Dkt. #10 at p. 2).

In the middle of 2020, Yoon began a Christian YouTube channel "discussing his Christian beliefs, including the rapture and the second coming of Christ" (Dkt. #1 at ¶ 8). On January 15, 2021, Yoon met with members of Samsung's legal and human resources departments (Dkt. #1 at ¶ 10).[2] They informed Yoon that they had audited his personal YouTube channel and requested that he disaffiliate the channel from Samsung (Dkt. #1 at ¶ 10; Dkt. #10 at p. 3). Yoon alleges that he removed thousands of comments from his videos to comply with Samsung's request (Dkt. #1 at ¶ 11).

Later, in August 2021, Samsung announced that its offices would reopen and imposed a mandatory vaccine requirement, unless the employee applied for a medical, religious, or state-mandated exemption (Dkt. #10 at p. 3). Yoon submitted a religious exemption request, which Samsung granted (Dkt. #1 at ¶ 12). As time went on, safety precautions for the COVID-19 Pandemic shifted and, in April 2022, Samsung reopened its offices and required certain employees to return to in-office work (Dkt. #10 at p. 4). Yoon, however, was not one of these employees and continued to work remotely from Illinois (Dkt. #10 at p. 4; Dkt. #12 at ¶ 3). In July 2022, Yoon traveled to Texas so that he could attend a Samsung-sponsored sales meeting. Yoon ultimately attended virtually because of his vaccine status and his refusal to wear a face covering due to his personal and religious beliefs (Dkt. #10 at p. 4; Dkt. #12 at ¶ 2). In November 2022, Samsung alleges it received a complaint "regarding a video [Yoon] had posted to his YouTube channel and

---

[2] The record does not indicate where this meeting occurred (*See* Dkt. #1; Dkt. #10; Dkt. #12; Dkt. #13). It does, however, suggest that the HR representative was based out of Texas (*See* Dkt. #12 at ¶ 18).

other anti-Semitic conduct" (Dkt. #10 at p. 4). On December 5, 2022, "Samsung discharged [Yoon] for violating the company's social media policy" (Dkt. #10 at p. 4).

On June 2, 2023, Yoon filed his Charge of Discrimination with the Texas Workforce Commission and the U.S. Equal Employment Opportunity Commission ("EEOC") (Dkt. #1-3). Notably, Yoon listed his location of employment as Plano, Texas, but his residence in Chicago, Illinois as his home address (Dkt. #1-3). Then, on November 30, 2023, the EEOC issued him a Notice of Right to Sue, which Yoon did on February 28, 2024 (Dkt. #1). On April 22, 2024, Samsung filed this Motion, seeking dismissal of the suit or its transfer to the Northern District of Illinois (Dkt. #10 at p. 1). In its bid to transfer the case, Samsung argues that venue is improper in this district because "[f]rom January 2021 through December 5, 2022—the period relevant to [Yoon]'s claims—he resided and worked in the state of Illinois" (Dkt. #10 at p. 2). Samsung notes that Yoon was a resident of Illinois at the time he applied for his position (Dkt. #10 at pp. 2–3). It also argues that between February 19, 2020, and March 20, 2020, Yoon was present in the Plano office on only 17 occasions and after March 20, Yoon "never again entered a Samsung office" (Dkt. #10 at p. 3; Dkt. #12 at ¶ 5). Further, Samsung notes that in November 2022 Yoon received a new work laptop from Samsung, which he had mailed to himself at an address in Chicago, Illinois (Dkt. #10 at p. 4). And, once terminated, Yoon "confirmed [that] for purposes of off-boarding that his home address was the same Hoffman Estates, Illinois address where he requested Samsung mail his offer letter in 2020" (Dkt. #10 at p. 4). Samsung also notes that "[f]rom the time [Yoon] initially began working remotely due to COVID-19 in March 2020 until the time of his termination in December 2022, Samsung never required [Yoon] to cease remote work and/or to perform work

3

within the Plano, Texas area" (Dkt. #10 at p. 4). In fact, Yoon's Complaint lists him as a resident of Cook County, Illinois (Dkt. #1 at ¶ 1).

On May 6, 2024, Yoon filed his Response, urging the Court not to dismiss the case (Dkt. #12 at p. 1). Further, Yoon argues that venue is proper in this district because he was hired to work in Plano, "*set up* an apartment in DFW to work in the Plano office," reported to personnel in Plano, and visited the Plano office on 17 occasions (Dkt. #12 at ¶ 5) (emphasis added). Samsung filed its Reply on May 13, 2024 (Dkt. #13).

## LEGAL STANDARD

### I.   Federal Rule of Civil Procedure 12(b)(3)

#### A.   Venue Generally

A party may challenge venue by asserting that venue is improper in a responsive pleading or by filing a motion. FED. R. CIV. P. 12(b)(3). The Fifth Circuit has yet to indicate which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (collecting cases); *see also Provitas, LLC v. Quality Ingredients Corp.*, No. 4:21-CV-00196, 2021 WL 5907790, at *7 (E.D. Tex. Dec. 14, 2021) ("Once a defendant raises improper venue by motion, the burden of sustaining venue will be on the plaintiff") (cleaned up). A plaintiff may satisfy this burden by showing facts that, if taken as true, establish that venue is proper. *Provitas*, 2021 WL 5907790, at *7. The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685 at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)).

A court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco*, 570 F.3d at 238 (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laport*, 536 F.3d 439, 449 (5th Cir. 2008)).

Additionally, when resolving the matter on the pleadings, the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield*, 2014 WL 978685, at *1 (citing *Ambraco*, 570 F.3d at 237–38). If venue is improper, the Court "should generally dismiss the case," *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022), "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

### B.   Title VII's Venue Provision

"Claims asserted under Title VII are governed by a special venue provision." *Mayfield v. Sallyport Global Holdings, Inc.*, No. 6:13-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing 42 U.S.C. § 2000e-5; *In re Horseshoe Entm't*, 337 F.3d 429, 432–33 (5th Cir. 2003)). "It provides that venue is proper in (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained, and (3) the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice." *Id.* (citing 42 U.S.C. § 2000e–5(f)(3)). If none of those three are applicable, then a suit may be filed in the judicial district in which the defendant has its principal office. *See id.; see also* 42 U.S.C. § 2000e–5(f)(3).

5

## II.     Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

6

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I.   Venue is improper in the Eastern District of Texas.

Under Title VII's venue provision, venue is proper in (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained, and (3) the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice." *Mayfield*, 2014 WL 978685, at *1 (citing 42 U.S.C. § 2000e–5(f)(3)). If the defendant is not in any of these districts, the case may be brought in the district in which the defendant has its principal office. 42 U.S.C. § 2000e-5.

Here, Yoon argues that the "third option is the sole relevant consideration in the facts at bar" and that he meets his burden of establishing that venue is proper (Dkt. #12 at ¶ 2). He does not. Yoon asserts that absent his alleged unlawful termination, he would "would have continued to work in Plano and thereby this district" (Dkt. #12 at ¶ 5). He notes that he "*set up* an apartment in DFW to work in the Plano office," reported to personnel in Plano, and visited the Plano office

7

on 17 occasions (Dkt. #12 at ¶ 5) (emphasis added).[3] Samsung counters by noting that if it did not fire Yoon, he would have remained working from his home in Illinois because he was not an employee required to return to the office nor permitted to work on-site in Plano when he was terminated (Dkt. #10 at p. 7). This is a highly unusual set of circumstances. It is true that Yoon was hired to be part of the Plano office and on paper he was a member of the office, but it is a fiction that he worked in Plano. For example, from January 2021 through his date of termination on December 5, 2022, Yoon resided and worked in Illinois (Dkt. #10 at p. 2). Further, from the time he applied for his position with Samsung to the time he filed this suit, Yoon was a resident of Illinois (Dkt. #1 at ¶ 1; Dkt. #10 at p. 3). Although he filed his Charge of Discrimination with the Texas Workforce Commission and the Dallas office of the EEOC, he listed his home residence as Chicago, Illinois (Dkt. #1-3). In November 2022, he received a new work laptop from Samsung, which he had mailed to his residence in Chicago, Illinois (Dkt. #10 at p. 4). And, once terminated, he informed Samsung that "for purposes of off-boarding that his home address was the same Hoffman Estates, Illinois address where he requested Samsung mail his offer letter in 2020" (Dkt. #10 at p. 4). All of these facts lead the Court to conclude that this district is an improper venue for this suit because, absent the alleged unlawful conduct, Yoon would have remained working in Illinois.

Lastly, though not raised by Yoon, it is unclear whether the first or second options are satisfied. As to the first option, the record is unclear in which state the decision to terminate Yoon was made in. The record indicates that the HR representative who spoke to Yoon about his YouTube channel was based out of Texas; however, it is unclear whether the decision to terminate

---

[3] The record is unclear as to what extent Yoon lived in the apartment in Texas (*See, e.g.,* Dkt. #1; Dkt. #12).

occurred in Texas, in Illinois, at Samsung's headquarters in New Jersey, or elsewhere (Dkt. #12 at ¶ 18). *Cf. Osborne v. AECOM*, No. 5:18-CV-668-DAE, 2019 WL 13082170, at *4 (W.D. Tex. May 16, 2019) ("In this way, the cause of action follows the place where the decisions were made, not the place where the employee was or is found—even if it was work that sent the employee to that other location"). As such, Yoon does not satisfy his burden of establishing that venue is proper in this district. *Galderma Labs., L.P.*, 290 F. Supp. 3d at 605 ("[M]ost district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum."). For similar reasons, it is unclear in which district the employment records relevant to the alleged unlawful practice were maintained. Yoon does asserts that numerous "meetings and management decisions [were] made in Plano," however, this allegation is undercut by the fact that Yoon requested his personnel file under the Illinois Personnel Record Review Act (Dkt. # 12 at ¶ 18; Dkt. #1 at ¶ 19). Thus, Yoon fails to carry his burden of proving that venue is proper under option two. In conclusion, Yoon does not meet his burden of proving that venue is proper in this district pursuant to Title VII's venue provision.

The Court reemphasizes that this is a highly unusual situation determined by the specific facts of Yoon's case. Although the Court has some questions that Yoon has left unanswered, he bears the burden of establishing that venue is proper in this district—which he did not. The Court will now determine whether dismissal or transfer to a proper venue is appropriate pursuant to 28 U.S.C. § 1406.

## II.     The interest of justice cuts in favor of transferring the case.

When "venue is improper, 'a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice.'" *Clasen v. Nat'l Bd. of Osteopathic Med. Exam'r, Inc.*, No. 4:15-CV-625-DBB, 2015 WL 9489507, at *3 (E.D. Tex. Dec. 30, 2015) (quoting *Caldwell*

9

*v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987)). Here, the Court finds that the interest of justice favors transferring the case instead of dismissal. Yoon's "belief that venue [is] proper [is] in good faith and reasonable" given that his position was officially in the Plano office and he visited it on 17 occasions (Dkt. #12 at p. 1–3). *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) (quoting 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (4th ed. 2021)). Further, transferring the case is more economical for the parties since it will preserve fiscal resources as well as benefit the judiciary by promoting judicial economy. Thus, the Court will transfer the case to the Northern District of Illinois, Eastern Division.[4]

## III. The Court will not consider Samsung's Rule 12(b)(6) argument.

Because the Court has determined to transfer this case to the Northern District of Illinois, Eastern Division, the Court need not address Samsung's Rule 12(b)(6) argument. *BuzzBallz, LLC v. MPL Brand NV, Inc.*, No. 1:23-CV-1115-RP, 2024 WL 3282492, at *1 n.1 (W.D. Tex. July 2, 2024) ("Because the Court finds that transfer is warranted in this case, the Court does not address [Defendant's] motion to dismiss."); *Johnston-Legg v. Cook*, No. 23-CV-686, 2024 WL 4333245, at *6 n.8 (N.D. Ill. Sept. 27, 2024) ("Because the Court is transferring the action, it need not and should not decide the motion to dismiss under Rule 12(b)(6)."). That decisions rests with the transferee court.

---

[4] The parties agree that if the Court transfers the case, the proper venue is the Northern District of Illinois (Dkt. #10 at pp. 8–10; Dkt. #12 at ¶ 13; Dkt. #13 at p. 7). The parties, however, did not indicate which division within the Northern District of Illinois the Court should transfer the case to. Yoon is a resident of Cook County, Illinois which is in the Eastern Division of the Northern District of Illinois (*See* Dkt. #1 at ¶ 1). As such, the Court transfers the case to the Eastern Division.

10

## CONCLUSION

It is therefore **ORDERED** that Defendant Samsung Electronics America, Inc.'s Motion to Dismiss, or, In the Alternative, to Transfer Venue and Supporting Brief (Dkt. #10) is hereby **GRANTED in part**.

The clerk is **DIRECTED** to **TRANSFER** this case to the Northern District of Illinois, Eastern Division.

**IT IS SO ORDERED.**

**SIGNED** this 28th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE